UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2025
```

JOSETTE RODRIGUEZ,

                                        Plaintiff,

                    -against-

FLORA ANTWI, DNP, CASA MARIA
COMMUNITY HEALTH CENTER, and ACACIA
NETWORK, INC.,

                                        Defendants.

24-CV-02941 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Josette Rodriguez brings this action for medical malpractice against Defendant

Flora Antwi, D.N.P., Casa Maria Community Health Center ("CMCHC"), and Acacia Network,

Inc.  The case was originally filed in New York state court, and was removed by the United

States on April 18, 2024, on grounds that CMCHC and Antwi were federal employees at the time

of the medical services that form the basis of the Complaint.  The Government now seeks

substitution of the United States as defendant for Antwi and CMCHC, and dismissal of the

complaint against these two defendants for failure to exhaust administrative remedies.  For the

reasons stated below, the motion is GRANTED.

## BACKGROUND

### I.    FACTUAL BACKGROUND[1]

Plaintiff Rodriguez alleges that she was treated by Defendant Antwi at Defendant

CMCHC in April 2020.  *See* Compl. ¶¶ 25–26.  In the course of that treatment, Ms. Rodriguez

---

[1] All background facts are taken from Plaintiff's Complaint ("Compl."), Dkt. No. 1-1, and
presumed true for purposes of this Opinion.

alleges she was misdiagnosed as suffering from AIDS, which caused her emotional distress in the form of stress and depression, as well as improper treatment for the actual cause of her symptoms and condition,  *Id.* ¶ 32.

## II.    PROCEDURAL HISTORY

Plaintiff filed her action in Bronx Supreme Court on September 22, 2022.  *See* Compl. The case was removed to this court by the Government on April 18, 2024, after the Government learned that Defendant CMCHC was a federally funded public health center at the time of Plaintiff's alleged treatment and its employee Antwi was deemed an employee of the United States Public Health Service ("USPHS").  Dkt. No. 1.  On September 27, 2024, the Government moved to have the United States substituted as defendant for Antwi and for CMCHC, and for the claims against them to be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction arising from a failure to exhaust required administrative remedies.  Dkt. Nos. 17, 18.

### DISCUSSION

## I.    THE UNITED STATES MUST BE SUBSTITUTED FOR ANTWI AND CMCHC AS A DEFENDANT

Under the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233(g)-(n), federally funded public health centers and their employees may be deemed by the Secretary of Health & Human Services ("HHS") to be employees of the USPHS for tort liability purposes.  A plaintiff's exclusive remedy for torts resulting from the "performance of medical . . . or related functions" alleged to have been committed by such federal employees is to sue the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (the "FTCA").  *See* 42 U.S.C. § 233(a).

Since January 1, 2020, the Secretary of HHS has deemed Defendant CMCHS and, by extension, its employee Defendant Antwi, employees of USPHS for the provision of medical, surgical, dental, and related services, and therefore covered by the FTCA for tort claims arising out of those services. *See* Declaration of Meredith Torres ("Torres Decl."), Dkt. No. 19, at ¶¶ 5-7, Exh. 1. Furthermore, on April 1, 2024, then-U.S. Attorney Damian Williams, in his capacity as designee of the Attorney General, certified pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4(b) that at the time of the incidents alleged in the Complaint, CMCHC and Antwi were employees of the USPHS and acting within the scope of that employment during the medical treatment alleged by Plaintiff. Dkt. No. 1-2.

This legal framework and these facts, taken together, establish unequivocally that the United States must be substituted as a party for Defendants CMCHC and Antwi and the case must proceed under the FTCA. *See Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80-82 (2d Cir. 2005); *Cuoco v. Moritsugu*, 222 F.3d 99, 107-08 (2d Cir. 2000). Plaintiff attempts to avoid this conclusion by casting doubt on whether the Government has "proven" that Defendant CMCHC had continuous "deeming" status during the events that give rise to the Complaint in April 2020, and that those events occurred while Defendant Antwi was acting in the course of her designated duties as a federal employee. *See* Plaintiff's Opposition at 6-7, Dkt. No. 20. But these arguments are unavailing. 42 U.S.C. § 233 (g)(1)(A) and (g)(1)(F) provide that the HHS Secretary's determination, prospectively deeming a health center and its employees part of USPHS for a given calendar year, is "final and binding upon . . . [any] parties to any civil action or proceeding." The Government has attached the necessary document reflecting the Secretary's determination for calendar year 2020 as to CMCHC and Antwi. *See* Torres Decl. ¶ 5, Exh. 1.

Similarly, the statute is clear that the Attorney General or his designee (here, the U.S. Attorney for the district, pursuant to 28 C.F.R. § 15.4(b)) are charged with retrospectively determining whether a given entity or employee was acting within the scope of employment under the Secretary's "deeming" determination. 42 U.S.C. § 233(c). Once that determination has been made and the proper certification issued, a tort action "shall" be removed to federal district court and shall be "deemed a tort action brought against the United States" subject to the FTCA. *Id. See also Carroll v. Trump*, 49 F.4th 759, 765 (2d Cir. 2022); *McHugh v. University of Vermont*, 966 F.2d 67, 71–72 (2d Cir. 1992) (*abrogated in part on other grounds by Osborn v. Haley*, 549 U.S. 225, 247 (2007)). The merits of the Attorney General certification are judicially reviewable, but only where the plaintiff alleges "with particularity" facts that challenge the certification as to scope of employment. *Id*. at 74. Plaintiff has not done so here, and the rank speculation offered in the Plaintiff's opposition brief is insufficient to cast doubt on the certification establishing a *prima facie* case that CMCHC and Antwi were acting within the scope of their role as USPHS medical providers at the time of Plaintiff's alleged medical treatment. *See, e.g., Spina v. Lu Feng Liu*, 541 F. Supp. 3d 426, 431-32 (S.D.N.Y. 2021); *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp. 3d 376, 390 (S.D.N.Y. 2012); *see also* Def.'s Reply Brief at 6-8, Dkt. No. 23.

## II.    THE CLAIMS BROUGHT AGAINST ANTWI AND CMCHC MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Once the United States is substituted as a defendant for Defendants CMCHC and Antwi, as set forth above, it follows naturally that this action must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction as a result of the failure to exhaust administrative remedies. The United States, as sovereign, is immune from suit except to the extent it consents to be sued, and the conditions of such consent must be strictly

4

construed against the plaintiff. *See, e.g., Lane v. Pena,* 518 U.S. 187, 192 (1996). Here, the limits of that consent are provided by the FTCA, which "requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Celestine,* 403 F.3d at 82.[2]

A plaintiff bears the burden of demonstrating that subject matter jurisdiction exists by a preponderance of the evidence. *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). Here, it is undisputed that Plaintiff has not exhausted her administrative remedies. Accordingly, Plaintiff has failed to carry her burden and the claims against CMCHC and Antwi must be dismissed. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the statutory requirements" and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim.").

Plaintiff attempts to evade this clear requirement by suggesting that the procedural history of this matter precludes dismissal. Plaintiff's Opposition at 8-9. Plaintiff argues that she was not aware of the federal status of CMCHC or Antwi until her case was removed to this court in 2024, and thus could not have filed the required administrative forms with HHS prior to filing her suit. *Id*. at 8. But Plaintiff's remedy under these circumstances is not for the Court to ignore the legal mandate to refrain from acting in the absence of subject matter jurisdiction. Rather, 28 U.S.C. § 2679 itself contains the solution to Plaintiff's problem, assuming other requirements are met, to wit: "Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to

---

[2] This rule applies even where the case is begun in state court and removed to federal court by the Government or a defendant. *Celestine*, 403 F.3d at 82–84.

section 2675(a) of this title, such a claim shall be deemed to be timely presented under section

2401(b) of this title if (A) the claim would have been timely had it been filed on the date the

underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal

agency within 60 days after dismissal of the civil action."  28 U.S.C. § 2679(d)(5).[3]

## CONCLUSION

For the reasons stated herein, the United States is substituted as Defendant for Defendants

Antwi and CMCHC, and the claims against them are dismissed under Rule 12(b)(1) for lack of

subject matter jurisdiction in light of the failure of Plaintiff to exhaust her administrative

remedies.  The Clerk of Court is respectfully directed to substitute the United States for

Defendants Antwi and CMCHC on the caption of this matter, and then DISMISS all claims

against Antwi, CMCHC, and the United States.


Dated:  September 9, 2025
       New York, New York


SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[3] For the same reason, Plaintiff's suggestion that she be allowed a "grace period" of 60 days to
file the required agency form before these claims are dismissed, *see* Plaintiff's Opposition at 10, is
inappropriate and unnecessary.  The law is clear that the claims against CMCHC and Antwi must be
dismissed, and what Plaintiff described as a "grace period" is the procedure set out in the statute, as
described above.  No action by the Court is required to give Plaintiff the benefit of this provision, and any
request to reinstate these claims if Plaintiff can successfully comply with Section 2679(d)(5) is best
deferred to the appropriate time and audience.